# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re: CHAPKO, JAMES M  § Case No. 09-13246
CHAPKO, MELISSA A  §
§
Debtors  §

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION (NFR)

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that JOSEPH R. VOILAND, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications.

*The Final Report shows receipts of* $ 16,502.74

*and approved disbursements of* $ 912.81

*leaving a balance of* $ 15,589.93

Claims of secured creditors will be paid as follows:

*Claimant*  *Proposed Payment*
N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| *Trustee* | JOSEPH R. VOILAND | $ 2,400.22 | $ 243.47 |
| *Attorney for trustee* | | $ | $ |
| *Appraiser* | | $ | $ |
| *Auctioneer* | | $ | $ |
| *Accountant* | | $ | $ |
| *Special Attorney for trustee* | | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ | $ |
| *Fees,* | United States Trustee | $ | $ |

**UST Form 101-7-NFR (4/1/2009)**

*Other* _____ $_____ $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| *Attorney for debtor* _____ | $_____ | $_____ |
| *Attorney for* _____ | $_____ | $_____ |
| *Accountant for* _____ | $_____ | $_____ |
| *Appraiser for* _____ | $_____ | $_____ |
| *Other* _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 157,510.70 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 8.2 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | DISCOVER BANK | $ 13,622.85 | $ 1,119.66 |
| 2 | Recovery Management Systems Corporation | $ 9,558.74 | $ 785.63 |
| 3 | TARGET NATIONAL BANK | $ 610.45 | $ 50.17 |
| 4 | PYOD LLC its successors and assigns as assignee of | $ 27,793.06 | $ 2,284.28 |
| 5 | PYOD LLC its successors and assigns as assignee of | $ 13,447.43 | $ 1,105.23 |
| 6 | CHASE BANK USA | $ 16,647.90 | $ 1,368.27 |

**UST Form 101-7-NFR (4/1/2009)**

| | | | | | |
|---|---|---|---|---|---|
| 7 | CHASE BANK USA | $ | 27,348.84 | $ | 2,247.77 |
| 8 | Von Maur | $ | 388.26 | $ | 31.91 |
| 9 | Chase Bank USA,N.A | $ | 1,304.66 | $ | 107.23 |
| 12 | PYOD LLC its successors and assigns as assignee of | $ | 1,803.98 | $ | 148.27 |
| 13 -2 | Wells Fargo Bank, N.A. | $ | 1,867.87 | $ | 153.52 |
| 14 | Recovery Management Systems Corporation | $ | 411.79 | $ | 33.84 |
| 15 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ | 25,195.90 | $ | 2,070.83 |
| 16 | FIA CARD SERVICES, NA/BANK OF AMERICA | $ | 12,341.44 | $ | 1,014.33 |
| 17 | PRA Receivables Management, LLC | $ | 696.73 | $ | 57.26 |
| 18 | Recovery Management Systems Corporation | $ | 4,106.87 | $ | 337.54 |
| 19 | Recovery Management Systems Corporation | $ | 363.93 | $ | 29.91 |

Late filed general (unsecured) claims are as follows:

*Claim Number    Claimant                           Allowed Amt. of Claim    Proposed Payment*

N/A

Subordinated unsecured claims for fines, penalties, and forfeitures are as follows:

*Claim Number    Claimant                           Allowed Amt. of Claim    Proposed Payment*

N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

**UST Form 101-7-NFR (4/1/2009)**

The trustee's Final Report and all applications for compensation are available for inspection at the Office of the Clerk, U.S. Bankruptcy Court:

Northern District of Illinois
219 S. Dearborn
Chicago, IL 60604

Any person wishing to object to any fee application or the Final Report, must file a written objection within 20 days of the date of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

If local court rules so require, the following procedure for objecting must be followed:

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days of the date of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 10:00am on 04/22/2010 in Courtroom 140, United States Courthouse,
Kane County Courthouse
100 S. Third Street
Geneva, IL 60134.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date:  03/18/2010         By:  /s/JOSEPH R. VOILAND
                                              Trustee

JOSEPH R. VOILAND
1625 WING ROAD
YORKVILLE, IL  60560

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (4/1/2009)**